## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

_____

The Building Industry Electrical
Contractors Association ("BIECA") and
Building Industry Fund, Inc.

       *Plaintiffs,*

v.

Patriot Electric Corp, and
Michael Tek, Individually

       *Defendants.*

_____

Civil Action No. 2:22-cv-_____

COMPLAINT AND
JURY DEMAND

Plaintiffs, The Building Industry Electrical Contractors Association ("BIECA") and Building Industry Fund, Inc. ("BIF") by and through their legal counsel, ALJIAN & MONTGOMERY, by way of complaint against Defendants, allege as follows:

### The Parties

1. Plaintiff, Building Industry Electrical Contractors Association ("BIECA"") is a New York Not-For-Profit Corporation and tax-exempt organization within the meaning of 26 U.S.C. § 501(c) and acts, *inter alia*, as a multi-employer bargaining unit of behalf of electrical contractors in the Metro-NYC area.

2. BIECA maintains a principal place of business at 1150 portion Road, Suite 19, Holtsville, NY 11742

3. Plaintiff,  Building Industry Fund, Inc. ("BIF") is a New York Domestic Corporation with a principal place of business at 1150 portion Road, Suite 19, Holtsville, NY 11742

4. Defendant Patriot Electric Corp ("Patriot") is a New York Domestic Corporation with a principal address of 15-17 126TH St., College Point, NY 11356.

5. Defendant Michael Tek ("Tek") is an individual person and, pursuant to the records of the New York Secretary of State, is the Chief Executive Officer and Owner of Defendant Patriot Electric Corp.

6. On information and belief, Defendant Tek resides at 1118 Howard Drive, Westbury, NY 11590.

### Jurisdiction

7. Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (Section 301(a)) provides: Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or **between any such labor organizations**, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185(a).(Emphasis added)

## Background and Common Facts

8. Defendant Patriot is an electrical contracting company located in the New York City metro area.

9. Patriot was a member of the Building Industry Electrical Contractors Association ("BIECA").

10. Patriot's membership in BIECA was terminated on or about April 6, 2022 for, *inter alia*, failure to make payments under the CBA as set forth hereinafter.

11. BIECA is a multi-member employer association engaged in all areas, phases and facets of the electrical contracting industry.

12. BIECA is the sole and exclusive collective bargaining representative for all its member Employers as it relates to a certain Collective Bargaining Agreement (the "CBA") between BIECA (and its member Employers including Patriot) and the United Electrical Workers of America IUJAT, Local 363 (the "Union").

13. BIECA is an association of employers and BIECA acts as the agent of each employer to negotiate Collective Bargaining Agreements on behalf of all members of BIECA.

14. In addition to negotiating the CBA for the Employers, BIECA also performs multiple tasks (pursuant to the CBA) for the benefit of Employees which are more commonly performed by unions.

15. *Inter alia*, BIECA sponsors the ERISA healthcare plan set forth in the CBA, the ERISA Annuity Plan set forth in the CBA, the ERISA Retirement plan set forth in the CBA and the ERISA training plan set forth in the CBA.

16. The sponsorship and operation of these plans is a function usually performed by unions for the benefit of their member employees.

17. In this case, the sponsorship and operation of these plans is handled by BEICA as a service to the member employees pursuant to the CBA.

18. BIECA itself has no employees, no income or financial dealings, and operates pursuant to its directors management as set forth in its by-laws.

19. BIECA delegates all operational matters to the BIF to perform the functions necessary to operate BIECA.

20. As such, in the CBA between BIECA and Local 363, specific provisions provide for payments to the BIF as part of each employers obligations in order to ensure the various provisions of the CBA for the benefit of Employees are met.

21. In addition to administering the sponsorship of the various ERISA programs required of the CBA, BIF also provides various services to covered employees.

22. Briefly stated, BIECA provides numerous services to employees which would usually be provided by a union.  In the case where a union provided such services, the various and sundry costs of administering these services would be covered by union dues or some other mechanism in the CBA.

23. Here, the services to the employees covered under the CBA are provided by an employer association, BIECA.  BIECA (and its employer members) fund the costs associated with the administration of these programs for covered employees by having each employer member pay an amount directly to BIF as negotiated and agreed in the CBA.

24. BIECA then oversees the operations of BIF to ensure the requirements of the CBA are being met.

25. After having made proper payments to BIF pursuant to the CBA terms for over eight years, Patriot has failed to make any payments to BIF since 2019, yet Patriot and its employees have been provided the services of BIECA and BIF as set forth in the CBA.

26. The failure of Patriot to make payment to BIF causes each and every other employer covered by the CBA to suffer a loss as the costs to operate the BIECA/BIF programs must be funded in some manner.

27. A certain CBA was entered into between BIECA (on behalf of its members employers) and the Union which became effective on December 1, 2019 and terminated by its terms on November 30, 2022.

28. A full and complete copy of the CBA is attached to this complaint as Exhibit A.

29. BIF is an expressly identified third-party beneficiary to the CBA.  Both BIECA and the Union agreed that the services performed by BIF were a necessary and proper part of the negotiated CBA as between the Union and BIECA (and its member employers).

30. Article 26 of the CBA  expressly and directly indicates BIF is to receive payment under the express terms of the CBA.

31. BIECA and the Union, through the CBA, specifically intended to confer a benefit on BIF as a third party and this intent was directly expressed at Article 26 of the CBA.

32. As a member of BIECA, Patriot was bound by the terms of that CBA for the work performed by its electricians and other covered employees during the term of the CBA.

33. Various negotiated provisions of the CBA set forth required wage rates for Union employees, required contributions to various ERISA funds, required contributions for other negotiated items, various work-related rules and requirements, and other matters commonly found in CBAs.

34. Briefly stated, BIECA is a multi-employer bargaining unit.  BIECA negotiates collective bargaining agreements for its member employers with certain unions and sponsors and administers various benefit programs (training, healthcare, retirement, annuity, etc.) in support of those CBAs for the benefit of those employers and their employees.

35. BIECA engages the BIF to handle the actual administration and day-to-day operation of those services including, *inter alia*, administration of the various funds (both ERISA and non-ERISA), CBA contract negotiation, member employer support, member employee benefit assistance, oversight and administration of professional services including legal, accounting and audit.

36. Costs associated with the operation of BIECA are funded through Article 26 of the CBA. Under that provision, to support the operations of BIECA, payments are made directly by BIECA member employers to BIF based on work hours of their covered employees with certain limitations on maximum payments.

37. BIF was established by the member employers of BIECA for the purpose of handling the administration of BIECA.

38. Article 26(B) of the CBA requires each employer (including defendant Patriot) to contribute 4.5% of its gross wages for prevailing rate work (and a set burden for non-prevailing work) to the Building Industry Fund ("BIF"). To wit:

> For prevailing wage work: Each EMPLOYER shall contribute monthly to the BUILDING INDUSTRY FUND the sum of 4.5 % of the gross wage with a minimum of $200.00 per month.

39. Pursuant to the Memorandum of Understanding between the Union and BIECA dated October 15, 2019, the maximum amount due from any BIECA employer to BIF is capped at $75,000 per annum ($6,250 monthly).

40. A true and correct copy of that Memorandum is set forth at Exhibit B hereto.

41. Article 26 (C) of the CBA provides when and where payments to the BIF are to be made. To wit:

> Payment of the aforesaid contributions shall be made to the BUILDING INDUSTRY FUND … on or before the tenth (10th) day of each month following the month for which they are made (e.g., payments for April, 2008 are payable on or before May 10, 2008).

42. Article 26 (F) of the CBA provides:

    a. In the event an EMPLOYER fails to make contributions to the BUILDING INDUSTRY FUND (submit therewith the requisite remittance report) in the amounts or at the time herein provided, or as may otherwise be directed from time to time by the Trustees of the BUILDING INDUSTRY FUND, such contributions shall bear interest which shall be paid by the EMPLOYER at the rate of (10%) per cent per annum from the time such contributions were due until paid. The EMPLOYER shall be obligated to pay all costs of collection, (including attorneys' fees equal to twenty (20%) per cent of the overdue contributions including the interest thereon), if the matter is referred to counsel for collection; and, in addition, the EMPLOYER shall pay liquidated damages in the amount equal to twenty (20%) per cent of the overdue contributions, plus interest.

    b. It is expressly understood and agreed that the Officers, directors, stockholders and partners (if applicable) shall be, and remain personally liable, severally and jointly, for payment of all contributions to the BUILDING INDUSTRY FUND by their respective EMPLOYERS, as hereunder required in the same manner and with the same force and effect as if they had each executed this Agreement as individual Employers.

43. Both BIECA and the Union agreed that the services performed by BIF were a necessary and proper part of the negotiated CBA as between the Union and BIECA.

44. Article 26 of the CBA expressly and directly indicates BIF is to receive payment under the express terms of the CBA.

45. BIECA and the Union, through the CBA, specifically intended to compensate BIECA for its administrative expenses by negotiating the payments to BIF at Article 26 of the CBA.

46. BIECA and the Union specifically intended BIF to be a third party beneficiary to the CBA in question and explicitly set forth the payment obligations of BIECA members employers to BIF in the CBA.

47. BIECA, aware of the provisions and payment requirements of Article 26 of the CBA, and in reliance on same, provided services (through BIF) for the benefit its members (including Patriot), their employees and the Union.

48. Patriot has failed to make any of the payments to the BIF as required by the CBA since January 2020.

49. Patriot's last payment to BIF pursuant to the CBA requirements was $6,250 for December 2019.

50. As of this writing, Patriot has made no payments to BIF for any of payment obligations for and of 2020, 2021 or 2022.

51. This suit is brought by Plaintiffs to vindicate rights conferred by collective bargaining agreements upon the core parties to the referenced CBA.

52. Presently, Patriot is in arrears to BIECA and BIF in the principal amount of $218,750.00 (as of December 1, 2022).

53. Despite multiple and repeated demand by BIECA and BIF, Patriot and Tek have failed to make payment to BIF as required under the CBA and have refused efforts by BIECA/BIF to remedy the payment delinquencies and Patriots breach of the CBA requirements.

54. In addition, interest is due on the outstanding monthly amounts at the rate of 10% per annum.  Presently, the interest due on the unpaid amounts is $34,029.88 (as of December 2022).  Interest continues to accrue per the terms of the CBA.

55. The total amount presently due for principal and interest is $252,779.88 (as of December 2022).

56. Pursuant to the express language of the CBA, counsel fees to BIECA and BIF (as required to collect the unpaid amount) is $50,555.98 as of (December 2022).  Per the CBA, the amount of these charges is stipulated to be 20% of the total amount due.  This amount continues to increase as the unpaid balance and interest charges accrue.

57. Pursuant to the express language of the CBA, liquidated damages are due to BIECA and BIF in the amount of $50,555.98 (as of December 2022).  These liquidated damages are stipulated in the CBA to be 20% of the amount due.  This amount continues to increase as the unpaid balance and interest charges accrue.

58. The total amount presently due to BIECA and BIF from Patriot (principal, interest, attorney's fees and liquidated damages) is $353,891.84 (as of December 2022).  This amount continues to increase as the unpaid balance and interest charges accrue.

59. Pursuant to Article 26(f)(b) of the CBA, Officers, directors, stockholders of any BIECA Employer who fails to make required payments under the CBA shall be, and remain personally liable, severally and jointly, for payment of all contributions to the BUILDING INDUSTRY FUND in the same manner and with the same force and effect as if they had each executed this Agreement as individual Employers.

60. Pursuant to Article 26(F)(b), Defendant Michael Tek is personally liable to BIF and BIECA in the amount of $353,891.84.  This amount continues to increase as the unpaid balance and interest charges accrue.

61. Damages calculations are set forth as follows:

| | | Due per CBA | 10% Interest/12 on Overdue | Running Total |
|---|---|---|---|---|
| January | 2020 | $ 6,250.00 | | $ 6,250.00 |
| February | 2020 | $ 6,250.00 | $ 52.08 | $ 12,552.08 |
| March | 2020 | $ 6,250.00 | $ 104.60 | $ 18,906.68 |
| April | 2020 | $ 6,250.00 | $ 157.56 | $ 25,314.24 |
| May | 2020 | $ 6,250.00 | $ 210.95 | $ 31,775.19 |
| June | 2020 | $ 6,250.00 | $ 264.79 | $ 38,289.98 |
| July | 2020 | $ 6,250.00 | $ 319.08 | $ 44,859.07 |
| August | 2020 | $ 6,250.00 | $ 373.83 | $ 51,482.89 |
| September | 2020 | $ 6,250.00 | $ 429.02 | $ 58,161.92 |
| October | 2020 | $ 6,250.00 | $ 484.68 | $ 64,896.60 |
| November | 2020 | $ 6,250.00 | $ 540.81 | $ 71,687.41 |
| December | 2020 | $ 6,250.00 | $ 597.40 | $ 78,534.80 |
| January | 2021 | $ 6,250.00 | $ 654.46 | $ 85,439.26 |
| February | 2021 | $ 6,250.00 | $ 711.99 | $ 92,401.25 |
| March | 2021 | $ 6,250.00 | $ 770.01 | $ 99,421.26 |
| April | 2021 | $ 6,250.00 | $ 828.51 | $ 106,499.77 |
| May | 2021 | $ 6,250.00 | $ 887.50 | $ 113,637.27 |
| June | 2021 | $ 6,250.00 | $ 946.98 | $ 120,834.25 |
| July | 2021 | $ 6,250.00 | $ 1,006.95 | $ 128,091.20 |
| August | 2021 | $ 6,250.00 | $ 1,067.43 | $ 135,408.63 |
| September | 2021 | $ 6,250.00 | $ 1,128.41 | $ 142,787.03 |
| October | 2021 | $ 6,250.00 | $ 1,189.89 | $ 150,226.92 |
| November | 2021 | $ 6,250.00 | $ 1,251.89 | $ 157,728.81 |
| December | 2021 | $ 6,250.00 | $ 1,314.41 | $ 165,293.22 |
| January | 2022 | $ 6,250.00 | $ 1,377.44 | $ 172,920.66 |
| February | 2022 | $ 6,250.00 | $ 1,441.01 | $ 180,611.67 |
| March | 2022 | $ 6,250.00 | $ 1,505.10 | $ 188,366.77 |
| April | 2022 | $ 6,250.00 | $ 1,569.72 | $ 196,186.49 |
| May | 2022 | $ 6,250.00 | $ 1,634.89 | $ 204,071.38 |
| June | 2022 | $ 6,250.00 | $ 1,700.59 | $ 212,021.97 |
| July | 2022 | $ 6,250.00 | $ 1,766.85 | $ 220,038.82 |
| August | 2022 | $ 6,250.00 | $ 1,833.66 | $ 228,122.48 |
| September | 2022 | $ 6,250.00 | $ 1,901.02 | $ 236,273.50 |
| October | 2022 | $ 6,250.00 | $ 1,968.95 | $ 244,492.45 |
| November | 2022 | $ 6,250.00 | $ 2,037.44 | $ 252,779.88 |

Total Principal        $ 218,750.00    (Principal ceases accrual as of Nov 2022 as CBA
terminates by its terms.)

Total Interest          $  34,029.88

Atty Fees/Costs         $  50,555.98

Liquidated Damages  $  50,555.98

**Total Due              $ 353,891.84**

**(Totals as of Dec 1, 2022 – Interest and costs continue to accrue.)**


## COUNT I

### Violation of Labor Management Relations Act - Patriot

62. Plaintiff reiterates each of the foregoing paragraphs.

63. Patriot has failed to make payments to BIF as required the CBA Section for over 30 months.

64. The failure to make said payments is a breach of the CBA.

65. As a direct result of Patriots failure to make the payments required under the CBA, BIF, BIECA and its members have been damaged as the costs to administer the CBA required programs for Patriot and its employees must has borne by BIF / BIECA and hence, the paying BIECA member employers.  This essentially provides Patriot with any unfair competitive advantage over other members of the association.

66. The failure to make said payments is a violation of the Labor Management Relations Act, 29 U.S.C. § 185(a) et seq.


## COUNT II

### Violation of Labor Management Relations Act – Michael Tek

67. Plaintiff reiterates each of the foregoing paragraphs.

68. Patriot has failed to make payments to BIF as required the CBA since 2019.

69. The failure to make said payments is a breach of the CBA.

70. The failure to make said payments is a violation of the Labor Management Relations Act, 29 U.S.C. § 185(a) et seq.

71. As a direct result of Patriots failure to make the payments required under the CBA, BIF/BIECA and its members have been damaged as the costs to administer the CBA required programs for Patriot and its employees must has borne by BIECA and hence, the

paying BIECA employers.  This essentially provides Patriot with any unfair competitive advantage over other members of the association.

72. Michael Tek personally negotiated the CBA in question as a member of the BIECA negotiating committee and was directly involved in negotiating the provisions of the CBA in question.

73. The CBA which was personally negotiated by Mr. Tek included Article 26(F)(b) which provided that it was "expressly understood and agreed that the Officers, directors, stockholders and partners (if applicable) shall be, and remain personally liable, severally and jointly, for payment of all contributions to the BUILDING INDUSTRY FUND by their respective EMPLOYERS, as hereunder required in the same manner and with the same force and effect as if they had each executed this Agreement as individual Employers."

74. By virtue of personally negotiating the CBA in question himself, Michael Tek evidenced his clear and explicit intention to substitute or superadd his personal liability for, or to, that of Patriot in the operation of the CBA.

**75.** Pursuant to the express and unequivocal terms of the CBA which Tek personally negotiated, Michael Tek, as the CEO and owner of Patriot, is personally liable to BIF/BIECA, severally and jointly with Patriot, for payment of all amounts due and owing to the BIF pursuant to the CBA.

## COUNT III

## Breach of Contract - CBA – Michael Tek, personally and Patriot

76. Plaintiff reiterates each of the foregoing paragraphs.

77. Patriot has failed to make payments to BIF as required the CBA since 2020.

78. As set forth *Supra*, Michael Tek personally negotiated the CBA in question as a member of the BIECA negotiating committee and was directly involved in negotiating the provisions of the CBA in question.

79. The failure to make said payments is a breach of the CBA.

80. Pursuant to the CBA, Michael Tek, as the CEO and owner of Patriot, is personally liable, severally and jointly with Patriot, for payment of all amounts due and owing to the BUILDING INDUSTRY FUND for the Breach of Contract.

## COUNT IV

## Unjust Enrichment –Patriot and Tek

81. Plaintiff reiterates each of the foregoing paragraphs.

82. Patriot has failed to make payments to BIF as required the CBA since 2019.

83. The failure to make said payments is a breach of the CBA.

84. The failure to make said payments is a breach of the contract. At all times relevant to this litigation, Defendant owed a legal duty to BIECA and BIF to not unfairly or unduly take advantage of BIECA or BIF or commit wrongful acts in order to unjustly enrich defendants at the expense of BIF, BIECA or its member Employers.

85. Despite that obligation, Patriot and TEK were provided services by BIECA and BIF, as contemplated and negotiated in the CBA, and accepted the services of BIECA and BIF as set forth in the CBA without paying for those services, unjustly enriching themselves at the expense of other parties to the CBA and other members of BIECA.

## COUNT V

### Breach of the Duty of Good Faith and Fair Dealing – Patriot and Tek

86. Plaintiff reiterates each of the foregoing paragraphs.

87. Patriot has failed to make payments to BIF as required the CBA since 2019.

88. The failure to make said payments is a breach of the CBA.

89. At all times relevant to this litigation, Defendants Patriot and Tek were in a contractual relationship with BIECA, BIF and the Union.

90. Patriot and Tek owed a duty to each of those parties to act in good faith and deal fairly with them.

91. Defendants breached those duties and continue to breach those duties in every month they fail to make the require payments under the CBA and receive the services provided by BIECA and BIF, forcing the costs of same onto other Employers in BIECA and diminishing the services the Union bargained for under the CBA.

92. The failure by Tek and Patriot to make the required payments is a breach of their duty to act in good faith and deal fairly with counterparties to the CBA and a cause of direct and proximate harm to BIF, BIECA, BIECA member employers and the Union.

93. Defendant Tek and Patriots conduct was outrageous, with their acts being done with malice or bad motives or reckless indifference to the interests of BIF, BIECA, BIECA member employers and the Union.

94. At all times relevant to this litigation, Defendant owed a legal duty to Union, BIECA and BIF not unfairly or unduly take advantage of the Union, BIECA or BIF or commit wrongful acts in order to unjustly enrich defendants at the expense of the Union, BIF, BIECA or its member employers.

95. Despite that obligation, Patriot and Tek were provided services by BIECA and BIF and accepted the services of BIECA and BIF as set forth in the CBA without ever paying for those services, unjustly enriching themselves at the expense of other parties to the CBA.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs BIECA and BIF hereby demands judgment in its favor and against Defendants Michael Tek and Patriot, jointly and severally, on each of the forgoing Counts as follows:

A.     For compensatory damages in the amount of $6,250 for each of the 35 months defendants have failed to make payment to BIF pursuant to their obligations under the CBA.  ($75,000 is the annual cap on contributions to BIF  pursuant to the CBA)

B.     For Interest at the rate set forth in the CBA (10% per annum) for each month for which defendants have failed to make the required payment to BIF under the CBA.

C.     For an award of Plaintiff's reasonable and necessary attorney's fees pursuant to the terms of the CBA..

D.     For Liquidated Damages as set forth on the CBA.

E.     For such other and further relief as the Court may deem to be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs BIECA and BIF hereby demands a trial by jury on all issues so triable of right.


**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.


December 15, 2022


Thomas Aljian
Aljian & Montgomery
28 Mulberry Dr
Manahawkin, NJ 08050
TGAljian@icloud.com
732-771-7764
*Counsel to Plaintiffs*